UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN FRANKLIN and JENIFER CHISM, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PARKING REVENUE RECOVERY SERVICES, INC. and BRYON BELLERUD II, PC | ) ) ) ) | Case No. |
| Defendants. | ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. This action is brought by Plaintiffs Carmen Franklin and Jenifer Chism, on behalf of themselves and all others similarly situated, for actual and statutory damages against Defendants Parking Revenue Recovery Services, Inc. and Bryon Bellerud II, PC for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district as all relevant events took place here.

**PARTIES**

4. Plaintiff Carmen Franklin is an individual who resides in Calumet City, Illinois,

and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Plaintiff Jenifer Chism is an individual who resides in South Holland, Illinois, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Parking Revenue Recovery Services, Inc. ("PRRS") is a corporation and collection agency located in Colorado.

7. PRRS is engaged in the collection of debts from Illinois consumers using the mail and telephone.

8. PRRS regularly attempts to collect consumer debts alleged to be due to another.

9. PRRS was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant Bryon Bellerud II, PC ("Bellerud") is a law firm engaged in the collection of debts and is located in Colorado.

11. Bellerud is engaged in the collection of debts from Illinois consumers using the mail and telephone.

12. Bellerud regularly attempts to collect consumer debts alleged to be due to another.

13. Bellerud was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

### PLAINTIFF CARMEN FRANKLIN

14. On or about June 18, 2012, Carmen Franklin parked her car in a Central Parking System's parking lot. Carmen Franklin paid the required fee.

15. Central Parking believed that Carmen Franklin did not pay the required amount

and that she owed the amount.

16. Central Parking retained the services of PRRS to collect the debt.

17. Central Parking and PRRS retained the services of Bellerud to collect the debt.

18. By correspondence dated August 17, 2012, Bellerud arranged for the preparation and transmittal of a letter to Carmen Franklin at her residence in an attempt to collect a debt allegedly owed to Central Parking. Bellerud's August 17, 2012 letter to Carmen Franklin is attached hereto as Exhibit 1.

19. Exhibit 1 states that on June 18, 2012, Carmen Franklin parked in a parking lot located in Chicago, IL and committed a violation of "No Payment in Box."

20. The regular parking fee for the lot is $1.50.

21. No signs posted at the parking lot expressly state that failure to pay the $1.50 will result in an additional $45.00 fee.

22. No law authorizes the additional $45.00 fee.

23. Exhibit 1 states that Carmen Franklin owes $46.50. This amount included the original $1.50 and a $45.00 fee.

24. However, there was no agreement, express or implied, between Central Parking and Carmen Franklin to add this additional fee.

25. The alleged debt was incurred for personal, family, or household purposes, *i.e.*, the cost to park in a private parking lot.

26. Exhibit 1 states: "Unless you notify this Firm in writing within thirty (30) days after receipt of this Notice that you dispute the validity of this debt or any portion thereof, this debt will be assumed to be valid by this Firm."

3

27. Exhibit 1 states that the consumer's dispute of the debt's validity must be made "in writing" in order to prevent it from being assumed valid.

28. PRRS is responsible for the conduct of Bellerud.

## PLAINTIFF JENIFER CHISM

29. On or about June 22, 2012, Jenifer Chism parked her car in a Central Parking System's parking lot. Jenifer Chism paid the required fee.

30. Central Parking believed that Jenifer Chism did not pay the required amount and that she owed the amount.

31. Central Parking retained the services of PRRS to collect the debt.

32. Central Parking and PRRS retained the services of Bellerud to collect the debt.

33. By correspondence dated August 17, 2012, Bellerud arranged for the preparation and transmittal of a letter to Jenifer Chism at her residence in an attempt to collect a debt allegedly owed to Central Parking. Bellerud's August 17, 2012 letter to Jenifer Chism is attached hereto as Exhibit 2.

34. Exhibit 2 states that on June 22, 2012, Jenifer Chism parked in a parking lot located in Chicago, IL and committed a violation of "No Payment in Box."

35. The regular parking fee for the lot is $1.50.

36. No signs posted at the parking lot expressly state that failure to pay the $1.50 will result in an additional $45.00 fee.

37. No law authorizes the additional $45.00 fee.

38. Exhibit 2 states that Jenifer Chism owes $46.50. This amount included the original $1.00 and a $45.00 fee.

39. However, there was no agreement, express or implied, between Central Parking and Jenifer Chism to add this additional fee.

40. The alleged debt was incurred for personal, family, or household purposes, *i.e.*, the cost to park in a private parking lot.

41. Exhibit 2 states: "Unless you notify this Firm in writing within thirty (30) days after receipt of this Notice that you dispute the validity of this debt or any portion thereof, this debt will be assumed to be valid by this Firm"

42. Exhibit 2 states that the consumer's dispute of the debt's validity must be made "in writing" in order to prevent it from being assumed valid.

43. PRRS is responsible for the conduct of Bellerud.

## DEFENDANT'S POLICIES AND PRACTICES

44. Exhibit 1 and Exhibit 2 are form letters that Bellerud uses as its initial written communication and regularly sends to consumers to solicit payment.

45. It is the standard policy and practice of Bellerud to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

46. It is the standard policy and practice of Defendant to attempt to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law.

47. It is the standard policy and practice of Defendant to require consumers to dispute debts in writing to prevent the assumption of validity.

48. The FDCPA prohibits the collection of *any* amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

## CLASS ALLEGATIONS

49. This action is brought as a class action. Plaintiffs define the class as:

(i) all persons with addresses within the state of Illinois (ii) who were sent a letter from Bellerud in the form of Exhibit 1 and Exhibit 2 (iii) to recover an amount allegedly owed to Central Parking and Parking Revenue Recovery Services, Inc. (iv) incurred for personal, household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through 21 days after the filing of this Complaint.

50. Plaintiffs Franklin and Chism seek actual damages on behalf of all class members that paid any amount to PRRS or Bellerud in excess of the principal amount of the debt, *i.e.*, the original parking fee.

51. The class is so numerous that joinder of all members is impractical.

52. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendants violated the FDCPA by:

   A) attempting to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1);

   B) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

   C) requiring that a consumer's dispute of the alleged debt must be "in writing" to avoid the assumption of validity in violation of 15. U.S.C. § 1692e and e(10).

53. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit 1 and Exhibit 2 and whether they paid Defendants more than the principal amount, which can be determined by ministerial inspection of Defendants' records.

54. Plaintiffs will fairly and adequately protect the interests of the class.

55. Plaintiffs have retained counsel experienced in handling class claims and claims involving unlawful collection practices.

56. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Bellerud's letter in the form of <u>Exhibit 1</u> and <u>Exhibit 2</u> violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

57. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

58. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

### **COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT**

59. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

60. Defendants' violations of the FDCPA include, but are not limited to:

   A) attempting to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1);

   B) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

   C) requiring that a consumer's dispute of the alleged debt must be "in writing" to avoid the assumption of validity in violation of 15. U.S.C. §

1692e and e(10).

61. As a result of Defendants' violations of the FDCPA, Plaintiffs and the class members are entitled to an award of actual damages, including return of all fees paid, and statutory damages, costs, and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Carmen Franklin and Jenifer Chism request that judgment be entered in their favor and in favor of the class against Defendants Parking Revenue Recovery Services, Inc. and Bryon Bellerud II, PC for:

- A. Certification of this matter as a class action, appointing Plaintiffs as class representatives and their counsel as class counsel;
- B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
- D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- E. For such other relief as the Court may find to be just and proper.

Respectfully,

Carmen Franklin
Jenifer Chism

\_\_\_\_s/ Keith J. Keogh\_\_\_\_\_
One of Plaintiffs' attorneys

Keith J. Keogh
Craig M. Shapiro
Timothy Sostrin
Katherine M. Bowen
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (Facsimile)

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully,

Carmen Franklin
Jenifer Chism


\_\_\_\_\_ s/ Keith J. Keogh\_\_\_\_
One of Plaintiffs' attorneys