## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CARMEN FRANKLIN and JENIFER CHISM, on behalf of themselves and all others similarly situated, | Case No.:  13 CV 2578 |
| | Hon. Judge Edmond E. Chang |
| Plaintiffs-Appellants, | |
| vs. | |
| PARKING REVENUE RECOVERY SERVICES, INC. and BRYON BELLERUD II, P.C., | |
| Defendant-Appellee. | |

## <u>NOTICE OF APPEAL</u>

Plaintiffs Carmen Franklin and Jenifer Chism, individually and on behalf of all others similarly situated, hereby appeal to the Court of Appeals for the Seventh Circuit from the November 25, 2014 order granting summary judgment in favor of Defendants in this matter by the District Court for the Northern District of Illinois and any other previous orders relating to the entry of judgment.

By:  s/*Keith J. Keogh*
Keith J. Keogh
Timothy J. Sostrin
Michael S. Hilicki
Katherine M. Bowen
KEOGH LAW, LTD.
55 West Monroe Street, Ste. 3390
Chicago, Illinois 60603
312.726.1092
312.726.1093 (Fax)
Plaintiff's counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARMEN FRANKLIN and JENIFER CHISM, on behalf of themselves and all others similarly situated, | Case No.:  13 CV 2578 |
| | Hon. Judge Edmond E. Chang |
| Plaintiffs-Appellants, | |
| vs. | |
| PARKING REVENUE RECOVERY SERVICES, INC. and BRYON BELLERUD II, P.C., | |
| Defendant-Appellee. | |

## DOCKETING STATEMENT

Pursuant to Seventh Circuit Rule 3, Plaintiffs-Appellants Carmen Franklin and Jenifer Chism hereby submit the following:

(a)    <u>District Court's Jurisdiction</u>

Subject matter jurisdiction is based on a federal question arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Jurisdiction conferred by 15 U.S.C. § 1692k.

(b)    <u>Appellate Jurisdiction</u>

(1)    Statute conferring jurisdiction on this Court: 28 U.S.C. § 1291

(2)    Date of entry of the judgment sought to be reviewed: November 25, 2014

(3)    No motion tolling the time for appeal was filed.

(4)    Filing date of the notice of appeal: December 23, 2014

(5)    This case does not involve a direct appeal from a magistrate judge.

(c)    <u>Appeal from a Final Judgment</u>

This appeal is from a final judgment that adjudicates all claims with respect to all parties.

By:  s/*Keith J. Keogh*

Keith J. Keogh (counsel of record)
Timothy J. Sostrin
Michael S. Hilicki
Katherine M. Bowen
KEOGH LAW, LTD.
55 West Monroe Street, Ste. 3390
Chicago, Illinois 60603
312.726.1092
312.726.1093 (Fax)
Plaintiffs' counsel

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARMEN FRANKLIN and JENIFER CHISM, | ) ) ) | |
| Plaintiffs, | ) ) | No. 13 C 02578 |
| v. | ) ) | |
| | ) | Judge Edmond E. Chang |
| PARKING REVENUE RECOVERY SERVICES, INC. and BRYON BELLERUD II, PC, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Carmen Franklin and Jenifer Chism brought this suit against Parking Revenue Recovery Services, Inc. and Bryon Bellerud, II, P.C.,[1] alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*[2] R. 1, Compl. Plaintiffs claim that they are entitled to actual and statutory damages because Defendants violated the FDCPA when attempting to collect an unpaid parking fee. Parking Revenue now moves for summary judgment, arguing

---

[1]A default order was entered against Bellerud on October 24, 2013, after Bellerud failed to answer or otherwise plead. *See* R. 35, Oct. 24, 2013 Minute Entry. In light of this summary-judgment decision in favor of Parking Revenue on the merits, which also applies to Bellerud, no damages can be awarded against Bellerud because there has been no FDCPA violation. Judgment must be entered for Bellerud, along with Parking Revenue.

[2]This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Citation to the docket is "R." followed by the entry number and, when necessary, the page/paragraph number. Citations to the parties' Local Rule 56.1 Statements of Fact are "DSOF" (for Parking Revenue's Statement of Facts) [R. 75]; "PSOF" (for Plaintiffs' Statement of Additional Facts) [R. 91 at 29-34]; "Pls.' Resp. DSOF" (for Plaintiffs' response to Parking Revenue's Statement of Facts) [R. 91 at 1-28]; and "Def.'s Resp. PSOF" (for Parking Revenue's Response to Plaintiffs' Statement of Additional Facts) [R. 95], followed by the paragraph number.

that the fees that Defendants sought to collect from Plaintiffs did not qualify as "debts" under the FDCPA. R. 76, Def.'s Mot. Summ. J. For the reasons discussed below, Parking Revenue's motion is granted.[3]

## I. Background

In deciding Defendant's motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). CPS Chicago Parking, LLC, a wholly-owned subsidiary of Central Parking System, Inc., operated 55 parking lots in Illinois as of the time period between April 5, 2012 and April 26, 2013. DSOF ¶¶ 5-8. Thirteen of these lots were owned by the Chicago Transit Authority (CTA), thirty-four were owned by the Commuter Rail Division of the Regional Transportation Authority (Metra), one was owned by the City of Chicago, and seven were owned by private companies or individuals. *Id.* ¶¶ 15, 17, 19, 21, 29, 42-46. Each lot owner contracted with Central Parking to operate the lots on its behalf. *Id.* Under each contract, Central Parking would pay the lot owner a percentage of the gross revenue collected from the lots. *Id.* ¶¶ 28, 41, 44, 46; *see also* Pls.' Resp. DSOF ¶ 46. Central Parking hired Parking Revenue to provide collection services for parking fees owed to Central Parking. DSOF ¶¶ 10, 12; *see also* Pls.' Resp. DSOF ¶¶ 10, 12.

---

[3]This case was brought as a proposed class action, but both sides appear to be content to have the merits decided before the certify-or-not decision, despite Federal Rule of Evidence 23(c)(1)(A). This is consistent, however, with case law that generally (but not always) permits defendants to ask for a merits decision before a certification decision, if the defendant is willing to forgo the preclusive effect of a potential victory and is willing to litigate case-by-case. *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) (citing *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995)).

2

On June 18, 2012, Franklin's silver Toyota Camry with the license plate CARMS10 parked in a lot near the Kensington Metra stop in Chicago, Illinois. DSOF ¶ 48. The Kensington lot was owned by Metra and operated by Central Parking. Pls.' Resp. DSOF ¶ 14; R. 75-12, Matic Dep. Exh. 5.1, Metra Agreement at 1. Franklin believes that she was the person who parked the car that day, although she admits that it is possible her son was driving instead. Pls.' Resp. DSOF ¶ 50. Franklin believes that she paid the $1.50 parking fee on June 18, but she is not certain. *Id.* ¶ 51. On June 22, 2012, Chism parked her Lexus GS 350 with the license plate K724412 at the Kensington lot. *Id.* ¶ 70. She believes that she paid the $1.50 parking fee on that day (though she does not have a receipt). *Id.* ¶ 71. Central Parking claims that neither Franklin nor Chism paid the $1.50 parking fee, and issued violations to both Plaintiffs for $46.50 for "NO PAYMENT IN BOX." DSOF ¶¶ 52, 72; *see also id.* ¶ 27 (identifying the $46.50 amount charged to parking violators in *CTA* lots as the $1.50 parking fee plus an additional $45).

On August 17, 2102, attorney Bryon Bellerud sent both Plaintiffs collection letters on behalf of Parking Revenue. DSOF ¶¶ 60, 73. The letters, which were identical in all material respects, stated that "[a]ccording to the account records of my clients, Central Parking and Parking Revenue Recovery Services, Inc., you have received one or more parking violation notices." R. 1-1, Compl. Exh. 1, Franklin Collection Notice; R. 1-2, Compl. Exh. 2, Chism Collection Notice. The letter expressed "no legal opinion … about this debt," and requested payment within 30 days or notification in writing that the recipient of the letter "dispute[s] the validity

of this debt or any portion thereof." Franklin Collection Notice; Chism Collection Notice. The letters contain additional boilerplate language about the rights of the consumer, the possibility of the debt being reported to credit agencies, and the potential for legal action. Franklin Collection Notice; Chism Collection Notice. Franklin and Chism brought this suit against Parking Revenue and Bellerud, alleging that the attempts to collect the $46.50 fee violated the Fair Debt Collection Practices Act. Compl. ¶ 60. Parking Revenue filed a motion for summary judgment, arguing that the $46.50 that it attempted to collect did not qualify as a "debt" within the meaning of the FDCPA. R. 86, Def.'s Am. Br. at 7-10.

## II. Legal Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only competent evidence of a type otherwise admissible at trial, *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). The party seeking summary judgment has the initial burden of showing that there is no

genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. Analysis

Congress passed the Fair Debt Collection Practices Act to protect consumers from "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Accordingly, the FDCPA "prohibits a debt collector from using certain enumerated collection methods in its effort to collect a 'debt' from a consumer." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). Plaintiffs allege that Parking Revenue and Bellerud violated the FDCPA by: (1) attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law; (2) using false, deceptive, or misleading representations or means in connection with the collection of a debt; and (3) requiring a consumer dispute of a debt to be in writing "to avoid the assumption of validity." Compl. ¶ 60; *see also* 15 U.S.C. §§ 1692f(1), 1692e. Parking Revenue argues that Plaintiffs are not entitled to relief because the parking fees that it attempted to collect are not "debts" and therefore not actionable under the FDCPA. Def.'s Am. Br. at 7-10.

In order for collection efforts to fall under the purview of the FDCPA, the amount that the debt collector seeks to recover must qualify as a "debt." *Bass*, 111 F.3d at 1324. The FDCPA defines a "debt" as "any obligation or alleged obligation of

a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The FDCPA does not define "transaction," but the Seventh Circuit has interpreted the term to mean "those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass*, 111 F.3d at 1326; *see also Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) ("[A]t a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or consensual obligation."). Based on this interpretation, courts have held that "fines"—penalties imposed for breaking the law or some other rule—are not the results of consensual transactions and thus cannot be "debts" under the FDCPA. *See Gulley v. Markhoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (*per curiam*) (citing cases and stating that "[w]e agree with these decisions, and … conclude that the municipal fines levied against [plaintiff] cannot reasonably understood as 'debts' arising from consensual consumer transactions for goods and services"); *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1264-65 (M.D. Fla. 2008) (holding that fines assessed by a homeowners association for violation of subdivision rules did not create a "debt" under the FDCPA); *Omran v. Beach Forest Subdivision Ass'n*, No. 12-10116, 2012 WL 1676688, at *3 (E.D. Mich. May 11, 2012) (holding that fines imposed by a subdivision committee for violation of deed restrictions on the plaintiff's home did not constitute "debts" under the FDCPA).

Like monetary obligations incurred through tortious or criminal action, fines do not involve "some form of initial 'business dealing' creating the obligation to pay." *Reibe v. Juergensmeyer and Assocs.*, 979 F. Supp. 1218, 1220-21 (N.D. Ill. 1997) (citing *Bass*, 111 F.3d at 1323; *Newman v. Boehm, Pearlstein & Bright*, 119 F.3d 477, 481 (7th Cir. 1997)).

Parking Revenue argues that the $46.50 charged to each Plaintiff for failure to pay the $1.50 parking fee is a fine, much like a parking ticket. Def.'s Am. Br. at 7-10; *see also Graham v. ACS State and Local Solutions, Inc.*, No. 06-2708, 2006 WL 2911780, at *1-2 (D. Minn. Oct. 10, 2006) (holding that unpaid parking tickets are not debts under the FDCPA); *Gulley*, 664 F.3d at 1075 ("agree[ing] with" the *Graham* decision, among others). Because it believes that fees are fines rather than debts, Parking Revenue claims that Plaintiffs are not entitled to relief under the FDCPA. Def.'s Am. Br. at 7-10. Plaintiffs respond that they entered into a consensual business dealing with Central Parking; Central Parking offered a public place to park, and Plaintiffs accepted the offer by agreeing to pay the $1.50 fee. R. 90, Pls.' Resp. Br. at 5. The initial obligation to pay the $1.50 parking fee arose from an agreement to purchase parking services from Central Parking, and the $45 is an unauthorized additional fee for alleged failure to pay—much like a late fee, which can comprise part of a debt. *Id.* at 5-6. They also argue that because Parking Revenue and Bellerud characterized the charges as "debts" in the letters to

Plaintiffs, Parking Revenue should not be able to reclassify those obligations as "fines" to avoid the FDCPA. *Id.* at 6-7.[4]

Because the fees that Parking Revenue attempted to recover from the Plaintiffs are properly categorized as fines, Plaintiffs cannot recover under the FDCPA. The first step in the analysis is that there is no material distinction between the parking lots owned by government entities and those owned by private entities. Although many of the cases construing obligations as fines arose from fees imposed by government entities, *see, e.g., Graham*, 2006 WL 2911780 at *2-3; *Reid v. Am. Traffic Solutions, Inc.*, Nos. 10-cv-204-JPG-DGW, 10-cv-269-JPG, 2010 WL 5289108, at *4-5 (S.D. Ill. Dec. 20, 2010), courts have also identified charges levied by private parties as fines for the purposes of the FDCPA, s*ee Durso*, 641 F. Supp. 2d at 1264-65 (identifying fines imposed by a private homeowners association as outside the scope of the FDCPA); *Gulley*, 664 F.3d at 1075 ("agree[ing] with" *Durso*). Nor does it matter that a third party is operating the lots on behalf of the owner. *See Reid*, 2010 WL 5289108 at *4-5 (holding that red-light tickets issued by a private enforcement agency hired by a municipality were fines rather than debts); *Williams v. RedFlex Traffic Sys., Inc.*, No. 3:06-cv-400, 2008 WL 782540, at *5 (E.D. Tenn. Mar. 20, 2008) (same). The nature of the charged amount is not derived from the identity of the party imposing it, but whether the fee stems from an underlying

---

[4]Plaintiffs also argue that Parking Revenue "admits that their alleged obligation to pay the parking charges at issue arises from a contractual relationship between Plaintiffs and [Central Parking]." Pls.' Resp. Br. at 5 (citing Def.'s Am. Br. at 14). But Parking Revenue's supposed admission came in an argument in the alternative. The statement is therefore not an admission for the purposes of Parking Revenue's primary argument that the charged fees are not "debts" arising from a contract or transaction.

consensual transaction creating an obligation to pay. It does not matter who is running the lots (especially when, at the very least, the underlying Metra contract authorizes a fee to be charged). *See* DSOF ¶ 31; Pls.' Resp. DSOF ¶ 31. Thus, to determine whether the parking fees were fines or debts, the Court will evaluate the charges as if the owner of the lot—Metra in this case—had imposed them.

The crucial question, then, is whether the $45 charge is like a late fee imposed on a pre-existing obligation to pay (but a consensually undertaken obligation), or whether it is a separate fine imposed for violation of a rule or law. As far as the undisputed facts in the record show, the fine did *not* arise from a business dealing creating an obligation to pay and therefore cannot be a debt under the FDCPA. To illustrate this conclusion, consider a situation in which someone parks in the parking lot without paying the $1.50 parking fee. This situation does not create a consensual transaction; the parker has not undertaken any obligation to pay or created any contract. He is, in effect, stealing the services of the parking lot. *See Bass*, 111 F.3d at 1326 (holding that theft does not create a consensual transaction); *Yazo v. Law Enforcement Sys., Inc.*, No. CV 08-03512 DDP, 2008 WL 4852965, at *3 (C.D. Cal. Nov. 7, 2008) (holding that use of a toll road without paying is not a consensual transaction). And "although a thief undoubtedly has an obligation to pay for the goods or services he steals, the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass*, 111 F.3d at 1326. When the parking lot owner then leaves a "parking violation notice" on that

parker's windshield, it is not seeking payment of a contracted-for amount; it is imposing a penalty for violating the rules of the lot requiring payment to park.

The fine assessed in that situation is materially indistinguishable from a ticket issued for failure to feed a parking meter. It is certainly possible for the parker to enter into a voluntary transaction with a municipality. The City is holding out a place to park in exchange for a fee, and the parker enters into a voluntary transaction with the municipality by parking and paying the fee. If the parker does not pay the fee, however, the municipality will issue a citation. This is undoubtedly a fine and thus not a debt under the FDCPA. *See Graham*, 2006 WL 2911780, at *1-2 (holding that unpaid parking tickets are not debts under the FDCPA); *Gulley*, 664 F.3d at 1075 ("agree[ing] with" the *Graham* decision, among others); *Rector v. City and Cnty. of Denver*, 122 P.3d 1010, 1016 (Colo. App. 2005) (holding that unpaid parking meter violations are not debts).

One might object to this analysis by arguing that the non-paying parker is like the shopper who presented a dishonored check, which the Seventh Circuit held, in *Bass*, to be a covered debt. 111 F.3d at 1325. But when a parker fails to pay the initial parking fee, he is acting more like a shoplifter than a shopper who tenders a dishonored check. Yes, a shopper who tenders a dishonored check has entered into a consensual transaction. *See Bass*, 111 F.3d at 1325. The "check evidences the drawer's obligation to pay for the purchases made with the check." *Id.* That is, the shopper has voluntarily engaged in a mutual transaction with the shop owner and promised to pay for a particular good or service. *See Hawthorne*, 140 F.3d at 1372

10

("Unlike torts, however, bounced checks represent legal obligations to pay. In other words, they constitute evidence of a business dealing, or a 'transaction' under the FDCPA.").

By contrast, a shoplifter cannot be said to have engaged in a business dealing with the shop owner merely by entering the store and taking a product. *Bass*, 111 F.3d at 1325. *Hawthorne*, 140 F.3d at 1372 ("Obviously, theft is neither consensual nor contractual; nor does it constitute a business dealing."). The acceptance of goods or services without any corresponding agreement to pay does not create a consensual transaction, just as acceptance of parking services without paying the required fee does not create a consensual transaction. The shopper who tenders a check that will later be dishonored has made a promise to pay for the particular good or service (the check), and the shop owner has consented to this transaction by accepting the promise to pay. No such mutual agreement occurs when the parker fails to pay the fee; acceptance of the service alone is not sufficient evidence of acceptance of an obligation to pay. Metra would no more consent to a parker leaving his car in the lot without paying than a shop owner would to a person leaving the store without paying.[5] Sure, a shoplifter still has an obligation to pay for a particular good or service, but that obligation is *not* the byproduct of a consensual

---

[5]Note that this does not introduce a fraud or bad-faith requirement into the FDCPA. *See Bass*, 111 F.3d at 1329-30 (refusing to create a fraud exception where none exists in the text of the FDCPA). A parker who inadvertently (rather than intentionally) failed to pay the parking fee would still not be entering into a consensual transaction. And the converse is also true, where a consensual transaction remains consensual even if there is ill intent underlying the transaction: a shopper who intentionally passed a bad check would still nonetheless be entering into a consensual transaction. *See Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (holding that the debtor's intent in passing a dishonored check is immaterial under the FDCPA).

transaction. *Bass*, 111 F. 3d at 1326. So too here; Plaintiffs are still required to pay the $1.50 parking fee, but that obligation does not arise from a consensual transaction.[6]

It makes no difference that Plaintiffs claim to have paid the $1.50 parking fee at the parking lot. *See* PSOF ¶¶ 1, 4. Returning to the parking meter example, consider a parker who in fact does feed the parking meter, but nevertheless receives a parking ticket that is mistakenly handed out by an officer. The fact that the parker paid the meter does *not* transform the fine into a debt. The nature of the transaction is the same. The municipality is still penalizing the parker for what is essentially theft of services; the parking enforcement officer was simply mistaken in assessing the fine. This does not mean that the parker cannot challenge the imposition of the fine, just that he may not invoke the FDCPA when the government tries to collect on a parking fine. Thus, regardless of the merits of the dispute over the underlying transaction, the amount charged by Parking Revenue is still a fine.

Nor does it make a difference that attorney Bellerud and Parking Revenue referred to the fines as "debts" in the letters to Plaintiffs.[7] For the purposes of the

---

[6]For this reason, it makes no difference that the $46.50 fine includes the cost of the initial parking obligation. Because the obligation to pay the $1.50 does not arise from a consensual transaction, that obligation is not a debt. The $45 additional charge therefore is not "'incidental' to a claimed debt." *Shula v. Lawent*, 359 F.3d 489, 492-93 (7th Cir. 2004) (noting that, to establish a violation of § 1692f(1), the plaintiff must show that the amount claimed is incidental to an underlying debt); *see also Yazo*, 2008 WL 4852965 at *3 (holding that neither the charge for failure to pay a toll nor the underlying toll price qualified as debts under the FDCPA).

[7]Plaintiffs cite *Shula v. Lawent* for the proposition that Parking Revenue's "repeated description of the parking charges as 'debts' instead of 'fines' in its correspondence is

12

FDCPA, "debt" is defined by statute. 15 U.S.C. § 1692a(5). That definition does not list the debt collector's characterization of the charge as a factor in determining whether the amount is a "debt" under the Act. *See id*. Nor is there any indication that the use of certain words by a debt collector would change whether a charge fits the statutory definition of a "debt." *Cf. Skelton v. Gen Motors Corp.*, 660 F.2d 311, 316-17 (7th Cir. 1981) ("[I]f a statutory definition of a word is given, that definition must prevail, regardless of what other meaning may be attributable to the word." (internal quotation marks and citation omitted)).

Furthermore, allowing a debt collector's characterization of a charge to transform it into a debt covered by the FDCPA could frustrate the overall purpose of the Act. The FDCPA was enacted to protect debtors from "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). One such protection is the requirement that the collecting party include certain disclosures in communications with the debtor, such as the amount of the debt and the right to dispute the charges. 15 U.S.C. § 1692g(a). Even when a collection attempt is not a collection of a "debt" under the FDCPA's statutory definition, it would be in the debtor's interest to receive FDCPA-like protections. If collection agencies' use of the word "debt" and

---

telling." Pls.' Resp. Br. at 7. It is true that *Shula* stated, in dicta, that a defendant who "himself described the costs in his dunning letter to the plaintiff as a 'debt' … should doubtless be estopped to repudiate that characterization." 359 F.3d at 491. But this statement was an aside that was not essential to *Shula*'s holding. *See id*. Moreover, Plaintiffs do not expressly argue that Parking Revenue should be estopped from claiming that the charges are fines, as the *Shula* dicta suggests, but rather that the record does not support this characterization. *See* Pls.' Br. at 6-7 (Parking Revenue's "argument that the parking charges are 'fines' fails a matter of fact because the record does not support it …. For example, [Parking Revenue's] own collection letter repeatedly describes the charges as a 'debt,' not a 'fine'").

the voluntary offering of these protections—even when they were not really dictated by the FDCPA—were enough to trigger the FDCPA's requirements, agencies would be discouraged from voluntarily offering the protections. Allowing the use of word "debt" to transform any request for payment into a debt for the purposes of the Act would put a collection agency in a difficult position, particularly if the collector does not believe that the obligation actually qualifies as a debt under the FDCPA. On the one hand, failure to include the validation notice or disclosures would subject a collection agency to liability under the Act if it turned out that the amount in question was, in fact, a debt. On the other hand, a collection agency would be reluctant to include the validation notice and other disclosures required by the FDCPA—which would necessarily include the term "debt"—for fear that they would become subject to the Act's requirements when they otherwise might not be. The magic-words approach would create a disincentive for collection agencies to act carefully and include consumer-protective disclosures even when they might not be required by law. The FDCPA was intended to protect consumers, in part by preventing misrepresentation of their legal rights. *See* S. Rep. No. 95-382, at 2 (1977). To discourage collection agencies from including information about a consumer's legal rights, even when such disclosures might not be necessary, would not achieve this purpose. The statutory language and purpose of the FDCPA thus make clear that merely labelling an amount as a "debt" will not transform that amount into a "debt" as defined by the FDCPA.

For these same reasons, the decision in *Hansen v. Ticket Track, Inc.*, a case with facts similar to this case, is unpersuasive. 280 F. Supp. 2d 1196 (W.D. Wash. 2003). In *Hansen*, the court evaluated whether a "violation fee" imposed when customers failed to pay a parking fee constituted a "debt" for the purposes of the FDCPA. *Id.* at 1202-03. The collection agency argued that the fees were not debts because they did not arise from transactions; "'transaction' cannot be read to include theft of goods or services." *Id.* at 1202. The court held that "defendant appears to have always treated plaintiffs' obligations as contractual in nature, not tortious." *Id.* at 1203. Noting that all correspondence with the plaintiffs identified that the fees were a debt and that the defendant identified itself as a "debt collection agency," the court concluded that the fee was a debt because the defendants treated it as a debt. *Id.* (distinguishing a case in which an attorney, not a "debt collector," identified the amount requested as an "offer of settlement" for potential tort liability rather than a "debt"). As discussed above, however, the collecting party's identity or characterization of the underlying obligation is not material to the statutory definition of "debt" in the FDCPA. *Hansen*'s reasoning is therefore unpersuasive.

For the foregoing reasons, the $46.50 charge levied against Plaintiffs is properly characterized as a fine. It does not, therefore, meet the statutory definition for "debt" under the FDCPA. Because the FDCPA only applies to debts, Plaintiffs cannot recover under the FDCPA.

15

## IV. Conclusion

For the reasons stated above, Parking Revenue's motion for summary judgment is granted.

ENTERED:

     s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: November 25, 2014

APPEAL,GILBERT,PROTO,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:13-cv-02578
## Internal Use Only

| | |
|---|---|
| Franklin et al v. Parking Revenue Recovery Services, Inc. et al | Date Filed: 04/05/2013 |
| | Date Terminated: 11/25/2014 |
| Assigned to: Honorable Edmond E. Chang | Jury Demand: Plaintiff |
| Cause: 15:1692 Fair Debt Collection Act | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Carmen Franklin** | represented by | **Katherine Marie Bowen** |
| | | Keogh Law, Ltd |
| | | 55 W. Monroe |
| | | Ste 3390 |
| | | Chicago, IL 60603 |
| | | 312 726 1092 |
| | | Fax: (312) 726-1093 |
| | | Email: kbowen@keoghlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Craig M. Shapiro** |
| | | Law Offices of John T. Orcutt |
| | | 6616 Six Forks Rd Ste 203 |
| | | Raleigh, NC 27615 |
| | | 919-847-9750 |
| | | Email: cshapiro@johnorcutt.com |
| | | *TERMINATED: 08/12/2013* |
| | | |
| | | **Michael S. Hilicki** |
| | | Keogh Law, LTD |
| | | 55 W. Monroe St. |
| | | Suite 3390 |
| | | Chicago, IL 60603 |
| | | 312-726-1092 |
| | | Fax: 312-726-1093 |
| | | Email: MHilicki@KeoghLaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Timothy J. Sostrin** |
| | | Keogh Law, LTD. |
| | | 55 W. Monroe |
| | | Suite 3390 |

Chicago, IL 60603
312 726 1092
Email: tsostrin@keoghlaw.com
*ATTORNEY TO BE NOTICED*

**Keith James Keogh**
Keogh Law, Ltd.
55 W. Monroe
Suite 3390
Chicago, IL 60603
(312) 726-1092
Email: Keith@Keoghlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jenifer Chism**                    represented by    **Katherine Marie Bowen**
*on behalf of themselves and all others*                (See above for address)
*similarly situated,*                                    *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Craig M. Shapiro**
                                                          (See above for address)
                                                          *TERMINATED: 08/12/2013*

                                                          **Michael S. Hilicki**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Timothy J. Sostrin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Keith James Keogh**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Parking Revenue Recovery Services,**    represented by    **Stacie Elaine Barhorst**
**Inc.**                                                      Kaplan Papadakis & Gournis PC
                                                              180 North LaSalle Street
                                                              Suite 2108
                                                              Chicago, IL 60601
                                                              312 726 0531
                                                              Email: sbarhorst@kpglaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Bryon Bellerud II, P.C.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2013 | 1 | COMPLAINT filed by Carmen Franklin, Jenifer Chism; Jury Demand. Filing fee $ 350, receipt number 0752-8218391. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Keogh, Keith) (Entered: 04/05/2013) |
| 04/05/2013 | 2 | CIVIL Cover Sheet (Keogh, Keith) (Entered: 04/05/2013) |
| 04/05/2013 | 3 | ATTORNEY Appearance for Plaintiffs Jenifer Chism, Carmen Franklin by Keith James Keogh (Keogh, Keith) (Entered: 04/05/2013) |
| 04/05/2013 | 4 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin to certify class (Attachments: # 1 Exhibit 1)(Keogh, Keith) (Entered: 04/05/2013) |
| 04/05/2013 | 5 | ATTORNEY Appearance for Plaintiffs Jenifer Chism, Carmen Franklin by Katherine Marie Bowen (Bowen, Katherine) (Entered: 04/05/2013) |
| 04/05/2013 | 6 | ATTORNEY Appearance for Plaintiffs Jenifer Chism, Carmen Franklin by Craig M. Shapiro (Shapiro, Craig) (Entered: 04/05/2013) |
| 04/05/2013 | 7 | ATTORNEY Appearance for Plaintiffs Jenifer Chism, Carmen Franklin by Timothy J. Sostrin (Sostrin, Timothy) (Entered: 04/05/2013) |
| 04/19/2013 | | CASE ASSIGNED to the Honorable Edmond E. Chang. Designated as Magistrate Judge the Honorable Jeffrey T. Gilbert. (jn, ) (Entered: 04/19/2013) |
| 04/22/2013 | 8 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin to certify class , *Renewed Motion* (Attachments: # 1 Exhibit 1)(Keogh, Keith) (Entered: 04/22/2013) |
| 04/22/2013 | 9 | NOTICE of Motion by Keith James Keogh for presentment of motion to certify class 8 before Honorable Edmond E. Chang on 5/6/2013 at 08:30 AM. (Keogh, Keith) (Entered: 04/22/2013) |
| 04/22/2013 | | SUMMONS Issued, 2 originals, as to Defendants Bryon Bellerud II, P.C. and Parking Revenue Recovery Services, Inc. (tlm) (Entered: 04/22/2013) |
| 05/03/2013 | 10 | MINUTE entry before Honorable Edmond E. Chang:Plaintiffs' first motion to certify class 4 is terminated in light of the "renewed" motion to certify class 8 . On that renewed motion, in light of Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011), Plaintiffs have filed a motion for class certification in order to prevent mootness if Defendant were to offer full relief to the named Plaintiffs. As the motion recognizes, sufficient discovery on the issue of class certification is not yet complete, and thus the motion is premature for purposes of deciding it. Accordingly, the motion must be entered and continued until ready for decision. An initial status hearing is set for 07/02/13 at 9:00 a.m. The parties must file a joint initial status report with the content described in the attached status report requirements at least 3 business days before the initial status hearing. Plaintiff must still file the report even if not all Defendants have been |

| | | |
|---|---|---|
| | | served or have responded to requests to craft a joint report. Mailed notice (Attachments: # 1 Status Report Requirements) (slb, ) (Entered: 05/03/2013) |
| 05/28/2013 | 11 | SUMMONS Returned Executed by Carmen Franklin, Jenifer Chism as to Parking Revenue Recovery Services, Inc. on 5/22/2013, answer due 6/12/2013. (Keogh, Keith) (Entered: 05/28/2013) |
| 06/19/2013 | 12 | MOTION by Defendant Parking Revenue Recovery Services, Inc. for extension of time *TO ANSWER OR OTHERWISE PLEAD - AGREED* (Barhorst, Stacie) (Entered: 06/19/2013) |
| 06/19/2013 | 13 | NOTICE of Motion by Stacie Elaine Barhorst for presentment of extension of time 12 before Honorable Edmond E. Chang on 6/25/2013 at 09:00 AM. (Barhorst, Stacie) (Entered: 06/19/2013) |
| 06/20/2013 | 14 | ATTORNEY Appearance for Defendant Parking Revenue Recovery Services, Inc. by Stacie Elaine Barhorst (Barhorst, Stacie) (Entered: 06/20/2013) |
| 06/20/2013 | | ALIAS Summons Issued as to Defendant Bryon Bellerud II, P.C. (et, ) (Entered: 06/20/2013) |
| 06/24/2013 | 15 | MINUTE entry before Honorable Edmond E. Chang: Defendant Parking Revenue Recovery's extension motion 12 to answer or respond is granted to 07/16/13. Status hearing of 07/02/13 is reset to 07/18/13 at 10:00 a.m. The joint initial written status report is due on 07/16/13.Mailed notice (slb, ) (Entered: 06/24/2013) |
| 07/16/2013 | 16 | STATUS Report *Joint* by Jenifer Chism, Carmen Franklin (Bowen, Katherine) (Entered: 07/16/2013) |
| 07/16/2013 | 17 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Barhorst, Stacie) (Entered: 07/16/2013) |
| 07/16/2013 | 18 | MEMORANDUM by Parking Revenue Recovery Services, Inc. in support of Motion to Dismiss for Failure to State a Claim 17 (Barhorst, Stacie) (Entered: 07/16/2013) |
| 07/16/2013 | 19 | NOTICE of Motion by Stacie Elaine Barhorst for presentment of Motion to Dismiss for Failure to State a Claim 17 before Honorable Edmond E. Chang on 7/24/2013 at 08:30 AM. (Barhorst, Stacie) (Entered: 07/16/2013) |
| 07/17/2013 | 20 | MINUTE entry before Honorable Edmond E. Chang: At tomorrow's status hearing, in order to figure out whether to set a briefing schedule on the motion to dismiss or perhaps limit it to certain arguments, defense counsel should be prepared to address: first, on the argument that the $45 fee is not a debt because it is a fine, are there any cases where the fee/fine was imposed by a private corporation, rather than a government entity. In the lead cited case, Gulley v. Markoff & Krasny, 664 F.3d 1073, 1075 (CA7 2011), the fine was imposed by the City of Chicago. Second, on the argument that Parking Revenue Recovery had "absolutely" no duty to investigate the legitimacy of the $45 fee, the motion first cites Ducrest v. Alco Collections, 931 F. Supp. 459, 462 (MD La. 1996). How does that |

| | | |
|---|---|---|
| | | case square with Turner v. J.V.D.B. & Associates, 330 F.3d 991, 996-97 (CA7 2003), which explained that "it is clear that a collector who collected a charge unauthorized by the debt agreement or by law, even by accident, would violate § 1692f(1)"? Mailed notice(slb, ) (Entered: 07/17/2013) |
| 07/18/2013 | 21 | MINUTE entry before Honorable Edmond E. Chang: Status and motion hearing held on Defendant's motion to dismiss 17 . For the reasons discussed in open court, Defendant's motion 17 is denied. Rule 26(a)(1) disclosures due 07/26/2013. The parties may start issuing written discovery requests on 08/09/2013. Fact discovery to be completed by 01/18/2014. Status hearing set for 09/25/2013 at 8:30 a.m. Mailed notice (slb, ) (Entered: 07/18/2013) |
| 08/02/2013 | 22 | MOTION by counsel for Plaintiffs Jenifer Chism, Carmen Franklin to withdraw as attorney , *Craig Shapiro Only* (Shapiro, Craig) (Entered: 08/02/2013) |
| 08/02/2013 | 23 | NOTICE of Motion by Craig M. Shapiro for presentment of motion to withdraw as attorney 22 before Honorable Edmond E. Chang on 8/14/2013 at 08:30 AM. (Shapiro, Craig) (Entered: 08/02/2013) |
| 08/09/2013 | 24 | ANSWER to Complaint by Parking Revenue Recovery Services, Inc. (Barhorst, Stacie) (Entered: 08/09/2013) |
| 08/12/2013 | 25 | MINUTE entry before Honorable Edmond E. Chang: Motion by Craig M. Shapiro to withdraw as counsel on behalf of Plaintiffs 22 is granted. Mailed notice (slb, ) (Entered: 08/12/2013) |
| 09/11/2013 | 26 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin, Defendant Parking Revenue Recovery Services, Inc. for protective order *AGREED* (Attachments: # 1 Exhibit Agreed Protective Order)(Barhorst, Stacie) (Entered: 09/11/2013) |
| 09/11/2013 | 27 | NOTICE of Motion by Stacie Elaine Barhorst for presentment of motion for protective order 26 before Honorable Edmond E. Chang on 9/18/2013 at 08:30 AM. (Barhorst, Stacie) (Entered: 09/11/2013) |
| 09/13/2013 | 28 | MINUTE entry before Honorable Edmond E. Chang: Plaintiffs' agreed motion 26 to enter protective order is granted. Mailed notice (slb, ) (Entered: 09/13/2013) |
| 09/23/2013 | 29 | PROTECTIVE Order Signed by the Honorable Edmond E. Chang on 9/23/2013:Mailed notice(slb, ) (Entered: 09/23/2013) |
| 09/24/2013 | 30 | MINUTE entry before Honorable Edmond E. Chang: Status hearing reset for 9/25/2013 at 9:00 a.m.[TIME CHANGE].Mailed notice (slb, ) (Entered: 09/24/2013) |
| 09/25/2013 | 31 | MINUTE entry before Honorable Edmond E. Chang: Status hearing held. Both sides reported that the first round of written discovery has been disclosed. There is also non-party discovery to take. Plaintiff's counsel reported receiving information as to where the law firm defendant, Bryon Bellerud II, P.C., can be served. The Court extends the time for service on Defendant Bryon Bellerud II, P.C. to 10/29/2013. But if service has not |

| | | |
|---|---|---|
| | | been accomplished by that date, Plaintiff must file an extension motion detailing why there is good cause for a further extension, coincided for presentment at the next status hearing. The Court noted its concern that service be accomplished fast enough so that discovery need not be extended beyond the current deadline. Status hearing set for 10/29/2013 at 9:30 a.m. Mailed notice (slb, ) (Entered: 09/25/2013) |
| 09/25/2013 | | ALIAS Summons Issued as to Defendant Bryon Bellerud II, P.C.. (pg, ) (Entered: 09/25/2013) |
| 09/30/2013 | 32 | SUMMONS Returned Executed by Carmen Franklin, Jenifer Chism as to Bryon Bellerud II, P.C. on 9/26/2013, answer due 10/17/2013. (Keogh, Keith) (Entered: 09/30/2013) |
| 10/21/2013 | 33 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin for entry of default *against Defendant Bryon Bellerud II, PC* (Bowen, Katherine) (Entered: 10/21/2013) |
| 10/21/2013 | 34 | NOTICE of Motion by Katherine Marie Bowen for presentment of before Honorable Edmond E. Chang on 10/24/2013 at 08:30 AM. (Bowen, Katherine) (Entered: 10/21/2013) |
| 10/24/2013 | 35 | MINUTE entry before Honorable Edmond E. Chang: Motion hearing held on Plaintiffs' motion for entry of default against Defendant Bryon Bellerud II, PC. 33 . The return of service shows that Defendant Bryon Bellerud II, P.C. was served, and that more than 21 days have elapsed since the date of service. Because Defendant has failed to answer or otherwise plead, Plaintiff's Rule 55 motion for default 33 is granted. The Court cannot enter a judgment in a sum-certain until resolution of the litigation with the co-defendant. Mailed notice (slb, ) (Entered: 10/24/2013) |
| 10/29/2013 | 36 | MINUTE entry before Honorable Edmond E. Chang: Status hearing held. Counsel for both parties reported on the status of discovery. The 01/18/2014 deadline remains firmly in place. The parties should formally serve discovery requests on the law-firm Defendant, and if that Defendant fails to comply, then the Court will consider motions to compel. Status hearing set for 01/08/2014 at 9:00 a.m. Mailed notice (slb, ) (Entered: 10/29/2013) |
| 11/06/2013 | 37 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin to compel *Defendant PRRS to Produce Documents and Answer Interrogatories* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Bowen, Katherine) (Entered: 11/06/2013) |
| 11/06/2013 | 38 | NOTICE of Motion by Katherine Marie Bowen for presentment of motion to compel, 37 before Honorable Edmond E. Chang on 11/12/2013 at 08:30 AM. (Bowen, Katherine) (Entered: 11/06/2013) |
| 11/08/2013 | 39 | MINUTE entry before Honorable Edmond E. Chang: Plaintiffs' motion to compel 37 , and all discovery matters (including adjusting discovery deadlines), are referred to the magistrate judge. Mailed notice (slb, ) (Entered: 11/08/2013) |

| 11/08/2013 | 40 | EXECUTIVE COMMITTEE ORDER: Case referred to the Honorable Jeffrey T. Gilbert pursuant to Local Rule 72.1. Signed by Executive Committee on November 8, 2013. (ph, ) (Entered: 11/12/2013) |
|---|---|---|
| 11/08/2013 | 🔒 | (Court only) MOTIONS REFERRED: MOTION by Plaintiffs Jenifer Chism, Carmen Franklin to compel *Defendant PRRS to Produce Documents and Answer Interrogatories* 37 . (ph, ) (Entered: 11/12/2013) |
| 11/14/2013 | 41 | NOTICE of Motion by Katherine Marie Bowen for presentment of motion to compel, 37 before Honorable Jeffrey T. Gilbert on 11/19/2013 at 09:15 AM. (Bowen, Katherine) (Entered: 11/14/2013) |
| 11/14/2013 | 42 | MINUTE entry before Honorable Jeffrey T. Gilbert: This case has been referred to Magistrate Judge Gilbert for the purpose of discovery supervision and Plaintiffs' Motion To Compel Defendant Parking Revenue Recovery Services, Inc. To Produce Documents and Answer Interrogatories 37 . Defendant shall file a response to Plaintiffs' Motion to Compel on or before 11/22/13. Plaintiffs' reply shall be filed on or before 12/3/13. Initial status and motion hearing scheduled for 12/18/13 at 9:30 a.m. An initial status report is not required. Prior to the status hearing, however, the parties shall familiarize themselves with the subjects referenced in Magistrate Judge Gilbert's Standing Order for Initial Status Report posted on the Court's website at www.ilnd.uscourts.gov/Judges as applicable to referral cases. The motion noticed for 11/19/14 is stricken with no appearance required. Mailed notice (tlp, ) (Entered: 11/14/2013) |
| 11/22/2013 | 43 | RESPONSE by Parking Revenue Recovery Services, Inc.in Opposition to MOTION by Plaintiffs Jenifer Chism, Carmen Franklin to compel *Defendant PRRS to Produce Documents and Answer Interrogatories* 37 (Attachments: # 1 Affidavit Exhibit A - Barhorst Aff, # 2 Exhibit Exhibit 1 to Barhorst Aff, # 3 Exhibit Exhibit 2 to Barhorst Aff, # 4 Exhibit Exhibit 3 to Barhorst Aff, # 5 Exhibit Exhibit 4 to Barhorst Aff, # 6 Exhibit Exhibit 5 to Barhorst Aff, # 7 Exhibit Exhibit 6 to Barhorst Aff, # 8 Affidavit Exhibit B - Parsley Aff, # 9 Exhibit Exhibit C, # 10 Exhibit Exhibit D, # 11 Exhibit Exhibit E)(Barhorst, Stacie) (Entered: 11/22/2013) |
| 12/03/2013 | 44 | REPLY by Plaintiffs Jenifer Chism, Carmen Franklin to motion to compel, 37 , response in opposition to motion,, 43 (Bowen, Katherine) (Entered: 12/03/2013) |
| 12/18/2013 | 45 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Motion hearing held on 12/18/13 on Plaintiffs Jenifer Chism's and Carmen Franklin's Motion to Compel Defendant PRRS to Produce Documents and Answer Interrogatories 37 . For the reasons stated on the record, Plaintiffs' Motion 37 is granted in part and denied in part. By 12/31/13, Defendant shall supplement it's responses to Interrogatories 3, 5 and 6 and Request to Produce 38. The parties shall meet and confer about a possible stipulation as discussed on the record. Status hearing held on 12/18/13 and continued to 1/2/14 at 10:00 a.m. At the status hearing, the parties shall report on their progress in connection with those referenced discovery requests. Mailed notice (ber, ) (Entered: 12/18/2013) |

| | | |
|---|---|---|
| 12/27/2013 | 46 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin for extension of time to complete discovery (Bowen, Katherine) (Entered: 12/27/2013) |
| 12/27/2013 | 47 | NOTICE of Motion by Katherine Marie Bowen for presentment of motion for extension of time to complete discovery 46 before Honorable Jeffrey T. Gilbert on 1/2/2014 at 10:00 AM. (Bowen, Katherine) (Entered: 12/27/2013) |
| 01/02/2014 | 48 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Motion hearing held on 1/2/14 on Plaintiffs' Motion for Extension of Time to Complete Discovery 46 . As stated on the record, Plaintiffs' motion is granted. Fact discovery is extended to 4/18/14. Plaintiffs shall disclose their expert witnesses by 5/9/14. Plaintiffs' experts are to be deposed by 6/9/14. Defendant shall disclose its expert witnesses by 6/30/14. Defendant's expert witnesses shall be deposed by 7/30/14. If there will not be any experts in this case, these dates will be stricken. Status hearing held and continued to 2/13/14 at 10:00 a.m. Defendant reports that it still is gathering the information and documents necessary for it to supplement its discovery responses per the Court's order of 12/18/13 45 but that it should be able to provide that information and those materials to Plaintiffs by the end of this week or sometime next week. Mailed notice (ber, ) (Entered: 01/02/2014) |
| 01/07/2014 | 49 | MINUTE entry before the Honorable Edmond E. Chang: In light of the new fact discovery deadline of 04/18/2014, the status hearing of 01/08/2014 is reset to 03/18/2014 at 8:30 a.m. Mailed notice (slb, ) (Entered: 01/07/2014) |
| 02/13/2014 | 50 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Status hearing held on 2/13/14 and continued to 4/1/14 at 10:00 a.m. The parties raised an electronic discovery issue they are currently discussing. By 2/27/14, the parties either will resolve the issue through the meet and confer process or, if the parties do not resolve the issue, they shall raise the issue for the Court by filing a joint motion for discovery resolution along the lines the Court and the parties discussed on the record this morning. Mailed notice (ber, ) (Entered: 02/13/2014) |
| 02/27/2014 | 51 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin for extension of time *to file joint motion for discovery resolution or leave to file Plaintiffs' discovery motion* (Bowen, Katherine) (Entered: 02/27/2014) |
| 02/27/2014 | 52 | NOTICE of Motion by Katherine Marie Bowen for presentment of extension of time 51 before Honorable Jeffrey T. Gilbert on 3/6/2014 at 09:15 AM. (Bowen, Katherine) (Entered: 02/27/2014) |
| 02/28/2014 | 53 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Plaintiffs' Motion for Extension of Time to File Joint Motion for Discovery Resolution or Leave to File Plaintiffs' Discovery Motion 51 is granted. The deadline for the parties to file a Joint Discovery Motion is extended to 3/5/14. The Court has given the parties an extra two days to file their joint motion because, as stated on the record during the status hearing on 2/13/14, the Court's preference is to have the parties' dispute set forth in one document with Plaintiffs' position and Defendants' response clearly set forth in a way |

| | | |
|---|---|---|
| | | that will facilitate the Court's understanding and resolution of the discovery issue. Accordingly, the parties are urged to present their dispute for resolution in that format. If, however, the parties are unable to file a joint motion by 3/5/14, then Plaintiffs are granted leave to file their own motion by 3/7/14. Either way, the motion should be noticed for hearing in accordance with the Court's regular motion procedures. Mailed notice (ber, ) (Entered: 02/28/2014) |
| 03/05/2014 | 54 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin for discovery , *Joint Motion for Discovery Resolution* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Bowen, Katherine) (Entered: 03/05/2014) |
| 03/06/2014 | 55 | NOTICE of Motion by Katherine Marie Bowen for presentment of motion for discovery, 54 before Honorable Jeffrey T. Gilbert on 3/13/2014 at 09:15 AM. (Bowen, Katherine) (Entered: 03/06/2014) |
| 03/12/2014 | 56 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Joint Motion for Discovery Resolution 54 is taken under advisement. The Court will rule via CM-ECF or, if necessary, set this matter for argument and ruling at a later date. The motion hearing noticed for 3/13/14 at 9:15 a.m. is stricken with no appearance required. Mailed notice (ber, ) (Entered: 03/12/2014) |
| 03/17/2014 | 57 | MINUTE entry before the Honorable Edmond E. Chang: In light of the ongoing discovery referral, the status hearing of 03/18/2014 is reset to 04/23/2014 at 11:00 AM.Mailed notice (slb, ) (Entered: 03/17/2014) |
| 03/21/2014 | 58 | ORDER Signed by the Honorable Jeffrey T. Gilbert on 3/21/2014: The parties' Joint Motion for Discovery Resolution 54 is granted. Defendant shall produce in their native format the 15 emails with attachments that it previously produced in pdf format. See attached Statement for further details. Mailed notice (ber, ) (Entered: 03/21/2014) |
| 04/01/2014 | 59 | ATTORNEY Appearance for Plaintiffs Jenifer Chism, Carmen Franklin by Michael S. Hilicki (Hilicki, Michael) (Entered: 04/01/2014) |
| 04/01/2014 | 60 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Case called for status hearing. No one appeared. Status hearing continued to 4/15/14 at 10:30 a.m. Mailed notice (tlp, ) (Entered: 04/02/2014) |
| 04/15/2014 | 61 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Status hearing held on 4/15/14 and continued to 5/14/14 at 10:45 a.m. The parties reported on the status of discovery. The parties appear to be working diligently to complete discovery. The parties' joint oral request to extend discovery for three weeks is granted. Fact discovery is extended to 5/9/14. The parties reported that they do not anticipate they will have experts. The expert discovery and deposition closure dates entered on 1/2/14 48 are therefore stricken. Mailed notice (ber, ) (Entered: 04/15/2014) |
| 04/21/2014 | 62 | MINUTE entry before the Honorable Edmond E. Chang: In light of the 05/09/2014 discovery deadline, the status hearing of 04/23/2014 is reset to 05/21/2014 at 9:00 AM.Mailed notice (slb, ) (Entered: 04/21/2014) |

| 05/14/2014 | 63 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Status hearing held on 5/14/14. The parties have completed discovery. All matters relating to the referral of this case having been resolved, this matter is returned to the District Judge. Referral terminated. Mailed notice (ber, ) (Entered: 05/15/2014) |
|---|---|---|
| 05/16/2014 | 64 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin for leave to file *Memorandum in Support of Motion for Class Certification* (Attachments: # 1 Exhibit 1)(Bowen, Katherine) (Entered: 05/16/2014) |
| 05/16/2014 | 65 | NOTICE of Motion by Katherine Marie Bowen for presentment of motion for leave to file 64 before Honorable Edmond E. Chang on 5/21/2014 at 09:00 AM. (Bowen, Katherine) (Entered: 05/16/2014) |
| 05/19/2014 | 66 | MINUTE entry before the Honorable Edmond E. Chang: In advance of the status hearing of 05/21/2014, the parties shall confer on whether they want a settlement-conference referral before litigating the class-certification motion.Mailed notice (Chang, Edmond) (Entered: 05/19/2014) |
| 05/21/2014 | 67 | MINUTE entry before the Honorable Edmond E. Chang: Status and motion hearing held on Plaintiffs' motion for leave 64 to file a motion for class certification. Defendant Parking Revenue Recovery wants to file a summary judgment motion, and is ready to file it within one week. That motion is due by 05/30/2014. It is true that Rule 23 generally requires resolving the class-certification issue sooner rather than later. But Seventh Circuit law does support the idea that defendants may seek a merits determination earlier even if victory means litigating cases one-by-one (there are limits to this idea, especially if the court system becomes over-burdened). Wiesmueller v. Kosobucki, 513 F.3d 784, 787 (7th Cir. 2008) (citing Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 941-42 (7th Cir. 1995)). In order to make an informed decision, the Court will examine the summary judgment motion. Plaintiffs' motion for class certification is entered and continued to 06/05/2014 at 9:00 a.m. Status hearing set for 06/05/2014 at 9:00 a.m. At the same time, counsel for both parties agreed to a settlement referral to the magistrate judge, although both sides are skeptical (which is why the motion practice will move forward despite the referral). It is up to the magistrate judge to determine whether a settlement conference would be productive. Mailed notice (slb, ) (Entered: 05/22/2014) |
| 05/22/2014 | 68 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Jeffrey T. Gilbert for the purpose of holding a settlement conference.(slb, )Mailed notice. (Entered: 05/22/2014) |
| 05/22/2014 | 69 | MINUTE entry before the Honorable Jeffrey T. Gilbert: This case has been referred to Magistrate Judge Gilbert to conduct a settlement conference. Status hearing scheduled for 6/5/14 at 10:00 a.m. The parties should come to Judge Gilbert's courtroom after their status and continued motion hearing with Judge Chang. Prior to the status hearing, the parties shall familiarize themselves with the subjects referenced in Magistrate Judge Gilbert's Standing Order for Settlement Conference posted on the Court's website at www.ilnd.uscourts.gov/Judges as applicable to referral cases. Mailed |

| | | |
|---|---|---|
| | | notice (ber, ) (Entered: 05/22/2014) |
| 05/30/2014 | 70 | MOTION by Defendant Parking Revenue Recovery Services, Inc. for extension of time *UNOPPOSED* (Barhorst, Stacie) (Entered: 05/30/2014) |
| 05/30/2014 | 71 | NOTICE of Motion by Stacie Elaine Barhorst for presentment of extension of time 70 before Honorable Edmond E. Chang on 6/5/2014 at 08:30 AM. (Barhorst, Stacie) (Entered: 05/30/2014) |
| 06/03/2014 | 72 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's unopposed extension motion 70 to file summary judgment motion is granted to 06/06/2014. Status hearing of 06/05/2014 is reset to 06/12/2014 at 9:30 a.m. Mailed notice (slb, ) (Entered: 06/03/2014) |
| 06/03/2014 | 73 | MINUTE entry before the Honorable Edmond E. Chang: The motion hearing 64 on Plaintiff's motion to file brief in support of class certification is reset to 06/12/2014 at 9:30 a.m. to coincide with the status hearing. Mailed notice (slb, ) (Entered: 06/03/2014) |
| 06/05/2014 | 74 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Status hearing held on 6/5/14. Plaintiffs' counsel appeared. Defendants' counsel did not appear. The purpose of this status hearing was to determine whether the parties want to proceed with a settlement conference in front of Magistrate Judge Gilbert. The parties are directed to promptly confer about that issue and call the Court's courtroom deputy either to set a telephone conference or another in-court status hearing. Mailed notice (ber, ) (Entered: 06/06/2014) |
| 06/06/2014 | 75 | RULE 56 (c) Statement *WITH ATTACHED APPENDIX* (Attachments: # 1 Appendix Tab A, # 2 Exhibit to Appx. Tab A, # 3 Appendix Tab B, # 4 Appendix Tab C, # 5 Appendix Tab D, # 6 Appendix Tab E, # 7 Appendix Tab F, # 8 Exhibit 1 to Appx. Tab F, # 9 Exhibit 2 to Appx. Tab F, # 10 Exhibit 3 to Appx. Tab F, # 11 Exhibit 4 to Appx. Tab F, # 12 Exhibit 5 to Appx. Tab F (pt. 1), # 13 Exhibit 5 to Appx. Tab F (pt. 2), # 14 Exhibit 5 to Appx. Tab F (pt. 3), # 15 Exhibit 5 to Appx. Tab F (pt. 4), # 16 Exhibit 5 to Appx. Tab F (pt. 5), # 17 Exhibit 5 to Appx. Tab F (pt. 6), # 18 Exhibit 6 to Appx. Tab F, # 19 Exhibit 7 to Appx. Tab F, # 20 Exhibit 8 to Appx. Tab F, # 21 Exhibit 9 to Appx. Tab F, # 22 Exhibit 10 to Appx. Tab F, # 23 Exhibit 11 to Appx. Tab F, # 24 Exhibit 12 to Appx. Tab F, # 25 Exhibit 13 to Appx. Tab F, # 26 Exhibit 14 to Appx. Tab F, # 27 Exhibit 15 to Appx. Tab F, # 28 Exhibit 16 to Appx. Tab F, # 29 Exhibit 17 to Appx. Tab F, # 30 Appendix Tab G, # 31 Exhibit 1 to Appx. Tab G, # 32 Exhibit 2 to Appx. Tab G, # 33 Exhibit 3 to Appx. Tab G, # 34 Exhibit 4 to Appx. Tab G, # 35 Exhibit 5 to Appx. Tab G, # 36 Exhibit 6 to Appx. Tab G, # 37 Exhibit 7 to Appx. Tab G, # 38 Exhibit 8 to Appx. Tab G, # 39 Exhibit 9 to Appx. Tab G, # 40 Exhibit 10 to Appx. Tab G, # 41 Exhibit 11 to Appx. Tab G, # 42 Exhibit 12 to Appx. Tab G, # 43 Exhibit 13 to Appx. Tab G, # 44 Exhibit 14 to Appx. Tab G, # 45 Exhibit 15 to Appx. Tab G, # 46 Exhibit 16 to Appx. Tab G, # 47 Exhibit 17 to Appx. Tab G, # 48 Exhibit 18 to Appx. Tab G, # 49 Exhibit 19 to Appx. Tab G, # 50 Exhibit 20 to Appx. Tab G, # 51 Exhibit 21 to Appx. Tab G, # 52 Exhibit 22 to Appx. Tab G, # 53 Exhibit 23 to Appx. Tab G, # 54 Exhibit 24 to Appx. Tab G, # |

| | | |
|---|---|---|
| | | 55 Exhibit 25 to Appx. Tab G, # 56 Exhibit 26 to to Appx. Tab G, # 57 Appendix Tab H, # 58 Exhibit 1 to to Appx. Tab H, # 59 Exhibit 2 to to Appx. Tab H, # 60 Exhibit 3 to to Appx. Tab H, # 61 Exhibit 4 to to Appx. Tab H, # 62 Exhibit 5 to to Appx. Tab H, # 63 Exhibit 6 to to Appx. Tab H, # 64 Exhibit 7 to to Appx. Tab H, # 65 Exhibit 8 to to Appx. Tab H, # 66 Exhibit 9 to to Appx. Tab H, # 67 Exhibit 10 to to Appx. Tab H, # 68 Exhibit 11 to to Appx. Tab H, # 69 Exhibit 12 to to Appx. Tab H, # 70 Exhibit 13 to to Appx. Tab H, # 71 Exhibit 14 to to Appx. Tab H, # 72 Exhibit 15 to to Appx. Tab H, # 73 Exhibit 16 to to Appx. Tab H, # 74 Exhibit 17 to to Appx. Tab H, # 75 Exhibit 18 to to Appx. Tab H, # 76 Exhibit 19 to to Appx. Tab H, # 77 Appendix Tab I, # 78 Appendix Tab J, # 79 Appendix Tab K, # 80 Appendix Tab L, # 81 Appendix M, # 82 Appendix N, # 83 Exhibit to Appx. Tab N)(Barhorst, Stacie) (Entered: 06/06/2014) |
| 06/06/2014 | 76 | MOTION by Defendant Parking Revenue Recovery Services, Inc. for summary judgment (Barhorst, Stacie) (Entered: 06/06/2014) |
| 06/06/2014 | 77 | MEMORANDUM by Parking Revenue Recovery Services, Inc. in support of motion for summary judgment 76 (Barhorst, Stacie) (Entered: 06/06/2014) |
| 06/06/2014 | 78 | NOTICE of Motion by Stacie Elaine Barhorst for presentment of motion for summary judgment 76 before Honorable Edmond E. Chang on 6/12/2014 at 09:30 AM. (Barhorst, Stacie) (Entered: 06/06/2014) |
| 06/10/2014 | 79 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Status hearing set for 6/17/14 at 10:00 a.m. in accordance with the District Judge's referral entered on 5/21/14 67 . Mailed notice (ber, ) (Entered: 06/10/2014) |
| 06/10/2014 | 80 | MINUTE entry before the Honorable Edmond E. Chang: As previously noted, R. 67, defendants sometimes ask to oppose a proposed class action on the merits first, even though other potential plaintiffs are not bound by a decision in the defense's favor (if the defense wins). Defendant here has asked to do so, and on review of the summary judgment motion, which appears to present a question, now that discovery has closed, that is closer to a question of law than fact (though Plaintiff of course is free to raise factual arguments as well), it appears appropriate to permit the merits argument to precede the decision on class-action certification. Plaintiffs' motion 64 to file a class-certification brief is denied without prejudice, for now. The Court ordinarily would set a briefing schedule, but the parties are also on a settlement referral right now. So instead of a response date, the Court will reset the status hearing of 06/12/2014 to 06/24/2014 at 9:00 a.m., to check-in on the status of settlement negotiations. Mailed notice (slb, ) (Entered: 06/10/2014) |
| 06/17/2014 | 81 | MINUTE entry before the Honorable Jeffrey T. Gilbert: Status hearing held on 6/17/14. Based on discussion held with counsel for both sides, settlement does not appear to be an option worth pursuing prior to a decision on Defendant's Motion for Summary Judgment 76 . Counsel shall jointly call the Court's courtroom deputy after the decision on Defendant's motion has been entered to schedule a status hearing as appropriate at that |

| | | |
|---|---|---|
| | | time. Mailed notice (ber, ) (Entered: 06/17/2014) |
| 06/19/2014 | 82 | MOTION by Defendant Parking Revenue Recovery Services, Inc. to file instanter *AMENDED MEMORANDUM* (Attachments: # 1 Exhibit A) (Barhorst, Stacie) (Entered: 06/19/2014) |
| 06/19/2014 | 83 | NOTICE of Motion by Stacie Elaine Barhorst for presentment of motion to file instanter 82 before Honorable Edmond E. Chang on 6/24/2014 at 09:00 AM. (Barhorst, Stacie) (Entered: 06/19/2014) |
| 06/19/2014 | 84 | MOTION by Defendant Parking Revenue Recovery Services, Inc. to file instanter *AMENDED* (Attachments: # 1 Exhibit A)(Barhorst, Stacie) (Entered: 06/19/2014) |
| 06/20/2014 | 85 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's motion to file amended memorandum [82, 84] in support of summary judgment is granted. Defendant shall file the amended memorandum as a separate docket entry. Plaintiff's response to the summary judgment motion is due by 08/04/2014. Defendant's reply is due 08/18/2014. Status hearing of 06/24/2014 is reset to 10/20/2014 at 8:30 a.m. Mailed notice (slb, ) (Entered: 06/20/2014) |
| 06/23/2014 | 86 | MEMORANDUM by Parking Revenue Recovery Services, Inc. in support of motion for summary judgment 76 *AMENDED* (Barhorst, Stacie) (Entered: 06/23/2014) |
| 08/04/2014 | 87 | MOTION by Plaintiffs Jenifer Chism, Carmen Franklin for extension of time to file response/reply as to motion for summary judgment 76 , *Unopposed Motion* (Bowen, Katherine) (Entered: 08/04/2014) |
| 08/04/2014 | 88 | NOTICE of Motion by Katherine Marie Bowen for presentment of motion for extension of time to file response/reply, motion for relief 87 before Honorable Edmond E. Chang on 8/7/2014 at 08:30 AM. (Bowen, Katherine) (Entered: 08/04/2014) |
| 08/06/2014 | 89 | MINUTE entry before the Honorable Edmond E. Chang: Plaintiffs' extension motion to respond 87 to the summary judgment motion is granted to 08/08/2014. The defense reply is due by 08/22/2014. Status hearing of 10/20/2014 is reset to 10/30/2014 at 8:30 a.m. Mailed notice (slb, ) (Entered: 08/06/2014) |
| 08/08/2014 | 90 | RESPONSE by Jenifer Chism, Carmen Franklinin Opposition to MOTION by Defendant Parking Revenue Recovery Services, Inc. for summary judgment 76 (Attachments: # 1 Exhibit A)(Bowen, Katherine) (Entered: 08/08/2014) |
| 08/08/2014 | 91 | RULE 56 LR 56.1 Statement by Jenifer Chism, Carmen Franklin regarding motion for summary judgment 76 *Response to Defendant's LR 56.1 Statement and Plaintiffs' LR 56.1 Statement of Additional Facts* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Bowen, Katherine) (Entered: 08/08/2014) |
| 08/21/2014 | 92 | MOTION by Defendant Parking Revenue Recovery Services, Inc. for |

| | | |
|---|---|---|
| | | extension of time to file response/reply as to order on motion for extension of time to file response/reply,, set motion and R&R deadlines/hearings,, order on motion for relief, 89 , Rule 56 statement, 91 , response in opposition to motion 90 *UNOPPOSED* (Barhorst, Stacie) (Entered: 08/21/2014) |
| 08/21/2014 | 93 | NOTICE of Motion by Stacie Elaine Barhorst for presentment of motion for extension of time to file response/reply,, motion for relief,,,,,, 92 before Honorable Edmond E. Chang on 8/26/2014 at 08:30 AM. (Barhorst, Stacie) (Entered: 08/21/2014) |
| 08/22/2014 | 94 | MINUTE entry before the Honorable Edmond E. Chang: Defendant's extension motion 92 to reply on its summary judgment motion is granted to 08/27/2014. Emailed notice (slb, ) (Entered: 08/22/2014) |
| 08/27/2014 | 95 | RULE 56 (b)(3)(C) Statement by Parking Revenue Recovery Services, Inc. regarding motion for summary judgment 76 *RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS* (Barhorst, Stacie) (Entered: 08/27/2014) |
| 08/27/2014 | 96 | REPLY by Defendant Parking Revenue Recovery Services, Inc. to response in opposition to motion 90 , memorandum in support of motion 86 , motion for summary judgment 76 (Barhorst, Stacie) (Entered: 08/27/2014) |
| 08/27/2014 | 97 | MOTION by Defendant Parking Revenue Recovery Services, Inc. to strike Rule 56 statement, 91 *CERTAIN OF PLAINTIFFS' RESPONSES TO PRRS'S STATEMENTS AND CERTAIN OF PLAINTIFFS' STATEMENTS OF ADDITIONAL FACT* (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Barhorst, Stacie) (Entered: 08/27/2014) |
| 08/27/2014 | 98 | NOTICE of Motion by Stacie Elaine Barhorst for presentment of motion to strike, motion for relief,, 97 before Honorable Edmond E. Chang on 9/3/2014 at 08:30 AM. (Barhorst, Stacie) (Entered: 08/27/2014) |
| 09/02/2014 | 99 | MINUTE entry before the Honorable Edmond E. Chang: Defendant Parking Revenue's motion to strike 97 is denied. The reasons are spelled out in Judge Chang's Case Management Procedures, which has a section entitled, "Motions to Strike Strongly Disfavored." That section is repeated in its entirety here: Motions to strike are strongly disfavored. Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 727 (7th Cir. 2006) (Easterbrook, J., in chambers). For example, if a party believes that the other side's brief contains inaccurate facts or that the other side's Local Rule 56.1 statement (in summary-judgment briefing) contains an unsupported assertion, then the complaining party should so argue in the response or reply brief, or in the responsive 56.1 statement. Motions to strike almost always would require the Court to decide significant issues (and, indeed, the underlying motion) on the merits and would multiply the briefs (because the other side should be allowed to respond). Id. at 727. Only on very rare occasions is a motion to strike appropriate, such as when an entire brief or 56.1 statement is defective. When it is appropriate, the motion must be made very promptly after the filing of the purportedly- |

| | | offending brief or statement. Emailed notice (slb, ) (Entered: 09/02/2014) |
|---|---|---|
| 10/01/2014 | 100 | MINUTE entry before the Honorable Edmond E. Chang: In view of the fully briefed summary judgment motion 76 , the status hearing of 10/30/2014 is reset to 12/11/2014 at 08:30 AM.Emailed notice (slb, ) (Entered: 10/01/2014) |
| 11/25/2014 | 101 | MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang. For the reasons stated in the Opinion, Defendant Parking Revenue's motion for summary judgment 76 is granted. Relatedly, the default against Bryon Bellerud II, P.C., is vacated and judgment shall also be entered in favor of Bryon Bellerud II, P.C. A separate AO-450 judgment shall be entered on the docket. Status hearing of 12/11/2014 is vacated. Civil case terminated. Emailed notice(slb, ) (Entered: 11/25/2014) |
| 11/25/2014 | 102 | ENTERED JUDGMENT on 11/25/2014:Emailed notice(slb, ) (Entered: 11/25/2014) |
| 11/25/2014 | 103 | MINUTE entry before the Honorable Jeffrey T. Gilbert: In light of the District Judge's entry of summary judgment in this case 101 , all matters relating to the referral of this case have been resolved. Referral terminated. Mailed notice (ber, ) (Entered: 11/25/2014) |
| 12/23/2014 | 104 | NOTICE of appeal by Jenifer Chism, Carmen Franklin regarding orders 101 Filing fee $ 505, receipt number 0752-10183466. (Keogh, Keith) (Entered: 12/23/2014) |
| 12/23/2014 | 105 | DOCKETING Statement by Jenifer Chism, Carmen Franklin regarding notice of appeal 104 (Keogh, Keith) (Entered: 12/23/2014) |
| 12/23/2014 | 106 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 104 (gcy, ) (Entered: 12/23/2014) |